IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON RAMON JORDAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:17cv00500 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| ELLISON EVERETT MCDUFFIE, | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Jason Ramon Jordan, a Virginia inmate proceeding *pro se*, filed an amended complaint

pursuant to 42 U.S.C. § 1983, alleging that defendant Dr. McDuffie denied him mental health

treatment and retaliated against him. Dr. McDuffie filed motions to dismiss, and this matter ripe

for disposition.[1] Having considered the record, the court will deny Dr. McDuffie's motions.

## I. BACKGROUND

Jordan alleges that in 2012, Dr. McDuffie diagnosed him with bipolar and multiple

personality disorders and prescribed him Prozac. Two years later, in 2014, Jordan experienced

"more mental health symptom[s]," including difficulty sleeping and suicidal thoughts, and he

was given more medications, including lithium, Depakote, Remeron, and trazodone. Jordan

states that he was required to have his blood tested periodically to ensure that the medications did

not affect his health. When his blood testing was overdue, Jordan filed an offender request form,

but he received no response. In December 2014, Jordan spoke with a Qualified Mental Health

Professional (QMHP) who was making rounds and told her that his blood testing was overdue.

When his blood testing still had not been ordered, Jordan filed a complaint against Dr. McDuffie

with the Virginia Department of Health Professions (Department of Health). Thereafter, on

---

[1] Dr. McDuffie first moved to dismiss Jordan's original complaint. *See* Dkt. No. 13. In response, Jordan
filed an amended complaint. *See* Dkt. No. 20. Thereafter, Dr. McDuffie filed a renewed motion to dismiss the
amended complaint. *See* Dkt. No. 23. The court notes that neither of Dr. McDuffie's motions to dismiss address
Jordan's retaliation claim.

January 22, 2015, "all of [Jordan's] mental health treatment [was] discontinue[d] for no reason." By January 30, 2015, Jordan's mental health condition had "gotten worse," so he spoke with a QMHP about his medication and treatment being discontinued. On February 20, 2015, Jordan spoke with Dr. McDuffie. Jordan alleges that Dr. McDuffie was "aggressive" and threatened Jordan's well-being because Jordan filed a complaint with the Department of Health. Jordan claims that Dr. McDuffie stated: "You will suffer the consequence for reporting to [the] Department of Health Profession[s]." (Am. Compl. 3-4, Dkt. No. 20.)

On June 23, 2015, and February 8, 2016, Jordan spoke with a QMHP, described his difficulty sleeping because of his "serious mental illness while in solitary confinement," and asked for "help." Also on February 8, 2016, Jordan submitted an offender request form to Dr. McDuffie, seeking mental health treatment. Jordan never received a response. (Am. Compl. 4, Dkt. No. 20.)

On October 3, 2017, Jordan submitted another offender request form complaining that his mental illness had "gotten worse" and that he had received no treatment. A QMHP responded and advised Jordan that he would notify Dr. McDuffie. On October 4, 2017, Jordan filed institutional complaints about his deteriorating mental health condition and need for treatment. On October 5, 2017, the QMHP told Jordan that he needed to contact the Department of Health to drop all of his complaints against Dr. McDuffie in order to be seen by Dr. McDuffie for a mental health evaluation. (Am. Compl. 4-5, Dkt. No. 20.)

On November 14, 2017, Jordan submitted an offender request form to Dr. McDuffie, indicating that the QMHP had advised him to drop the complaints against Dr. McDuffie in order to be treated, and asking Dr. McDuffie whether he needed to call or write to the Department of Health to be able to drop the charges. On November 30, 2017, Dr. McDuffie responded that Jordan should "continue working with [the QMHP] and [they] would provide care to [him] like

everyone else." Dr. McDuffie also acknowledged that it was Jordan's right to complain and that, despite the inconveniences of responding to complaints, he had "no bias or animosity" against Jordan. Jordan states that Dr. McDuffie denied him mental health treatment from 2015 through 2018 while knowing that Jordan's "symptoms of mental illness" were worsening. Jordan states that, without treatment, he suffered a mental breakdown, numbness of his body, loss of sleep, suicidal thoughts, increased anger, aggression, and "recidivism." (Am. Compl. 5-6, Dkt. No. 20.)

Jordan filed his verified complaint on October 29, 2017, and states that he "has timely exhausted all available administrative remedies prior to filing this complaint."[2] (Compl. 7-8, Dkt. No. 1.)

## II. DISCUSSION

### A. Motion to Dismiss Standard

Dr. McDuffie filed a motion to dismiss Jordan's medical claims on the basis that his allegations fail to state a claim, his claims are barred by the statute of limitations, and he failed to demonstrate that he exhausted administrative remedies. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual

---

[2] An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).

allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id*., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (*quoting Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F.

Supp. 2d 416, 421 (E.D. Va. 1999) (*quoting Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)).

**B. Denial of Mental Health Treatment**

Dr. McDuffie argues that Jordan fails to adequately allege a serious health need or that Dr. McDuffie was deliberately indifferent to that need. The court concludes that Jordan has stated a plausible claim for relief against Dr. McDuffie and, therefore, will deny Dr. McDuffie's motions to dismiss on this basis.

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the defendant's acts (or failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating there is no expectation that prisoners will be provided with unqualified access to health care). Subjectively, deliberate indifference to a serious medical need requires proof that the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Jordan alleges that Dr. McDuffie diagnosed him with bipolar and multiple personality disorders and prescribed medication for these disorders. He also alleges that his "all" of his mental health treatment, including medication, was stopped suddenly and "for no reason." He alleges that Dr. McDuffie was aware that he was not receiving treatment for three years while Jordan's condition "worsened." Accepting his allegations as true and drawing all reasonable inferences in his favor, the court concludes that Jordan has alleged that Dr. McDuffie was

deliberately indifferent to Jordan's serious medical need.  Accordingly, the court will deny Dr. McDuffie's motions to dismiss on the basis that Jordan's allegations fail to state a claim.[3]

## C.  Statute of Limitations

Dr. McDuffie argues that Jordan's mental health treatment claims are barred by the applicable statute of limitations.  The court concludes, for purposes of the motions to dismiss, that they are not barred and, therefore, will deny Dr. McDuffie's motions to dismiss on this basis.

Section 1983 actions are considered personal injury claims for purposes of the statute of limitations and are governed by the personal injury statute of limitations in the state where the alleged injury occurred.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Virginia has a two-year statute of limitations for general, personal injury claims.  Va. Code § 8.01-243(A); *Almond v. Kent*, 459 F.2d 200, 203-04 (4th Cir. 1972).  A plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.

A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief."  *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).  When the harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a "continuing violation" for which the statute of limitations runs anew with each violation.  *Depaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *National Advertising Co. v. Raleigh*, 947 F.2d 1158, 1166-67 (4th Cir. 1991) (noting that continuing violation generally arises when the acts in question are a "continuing practice" (citation omitted))).  A prisoner may allege a continuing violation under § 1983 by identifying a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical

---

[3] To the extent Dr. McDuffie argues that this court should decline to exercise supplemental jurisdiction over any state law claim raised by Jordan because his allegations fail to state a federal cause of action, the court will deny Dr. McDuffie's motions to dismiss.

need.  *Id.* at 487.  The statute of limitations does not begin to run on such a claim until the date, if any, on which adequate treatment was provided.  *Id.*  (citing *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980)).  A claim of a continuing violation may extend back to the time at which the prison officials first learned of the serious medical need and unreasonably failed to act.  *Id.* (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)).

To assert a § 1983 claim for deliberate indifference under the "continuing violation" doctrine, a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omissions within the applicable statute of limitations for personal injury.  *Id. (*citing *Shomo v. City of New York*, 579 F.3d 176, 182 (2d. Cir. 2009)).

The court has already concluded that Jordan sufficiently alleges that Dr. McDuffie was deliberately indifferent to a serious medical need.  Jordan alleges that Dr. McDuffie's deliberate indifference began in 2015, when "all" of Jordan's mental health treatment was discontinued "for no reason," and continued through 2018 while his "mental health condition" worsened. Additionally, he alleges that Dr. McDuffie continued to deny treatment despite Jordan's complaints in 2015, 2016, and 2017.  These allegations are sufficient to state a claim against Dr. McDuffie for actions with deliberate indifference within the relevant statutory period. Accordingly, the court will deny Dr. McDuffie's motions to dismiss on the basis that Jordan's claims are time-barred.

## D.  Exhaustion of Administrative Remedies

Dr. McDuffie suggests that Jordan failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  The court concludes that it is not clear from the face of Jordan's complaint that he failed to exhaust administrative remedies; therefore, the court will deny Dr. McDuffie's motions to dismiss on this basis.

An inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it."). Instead, exhaustion is an affirmative defense for which a defendant bears the burden of proving that the prisoner had available remedies but failed to take advantage of them. *Jones*, 549 U.S. at 216-217. Exhaustion should not be resolved on the pleadings except when failure to exhaust is apparent from the face of the complaint. *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017).

Although he is not required to plead exhaustion, Jordan's verified complaint states that he "timely exhausted all available administrative remedies prior to filing this complaint." Based on this statement, the court cannot conclude that it is apparent from the face of the complaint that he has failed to exhaust; therefore, the court will deny Dr. McDuffie's motions to dismiss on the basis of exhaustion.

**E. Unaddressed Claims**

Dr. McDuffie's motions to dismiss do not address Jordan's allegation that Dr. McDuffie retaliated against him for filing grievances and/or complaints.

## III. CONCLUSION

For the reasons stated herein, the court will deny Dr. McDuffie's motion to dismiss and direct him to file a motion for summary judgment, supported by affidavit(s), addressing Jordan's mental health treatment and retaliation claims.[4]

---

[4] Dr. McDuffie filed a motion to stay discovery (Dkt. No. 16) until the court ruled on his motion to dismiss. Because the court has now ruled on the motions to dismiss, the court will also deny the motions to stay discovery.

An appropriate order will be entered.

Entered: September 28, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge